**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO: 8:19-cr-289-CEH-TGW

EDUARDO AVILA

_____

**ORDER**

This cause comes before the Court on Defendant Eduardo Avila's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 263). Proceeding *pro se*, Avila requests compassionate release because of his medical condition, chronic pancreatitis. *Id.* The Government opposes Avila's motion (Doc. 268).

Having reviewed the motion and being fully advised in its premises, the Court concludes Avila's Motion for Compassionate Release is due to be denied.

**I.  BACKGROUND**

On September 17, 2020, Avila was sentenced to an aggregate term of 32 months' imprisonment. Doc. 213. Upon his guilty plea, he received consecutive sentences of eight months for bank fraud and 24 months for aggravated identity theft. *Id.* Now 30 years old, Avila is incarcerated at FCI Coleman with a projected release date of March 11, 2023.

Avila moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his medical condition constitutes an extraordinary and compelling reason

that warrants his release. Doc. 263. Specifically, he argues that his chronic pancreatitis, an incurable disease, cannot be adequately treated by the Bureau of Prisons. *Id.* at 2-3. He further contends that he is at heightened risk of contracting COVID-19 a second time in the prison setting. *Id.* at 3-4. Avila also asserts that he is not a flight risk or a danger to the community. *Id.* at 4. In support of his motion, he provides documentation of his exhaustion of administrative remedies, medical records, and letters of support from a number of family members. Docs. 263-1, 263-2, 263-3, 263-4, 263-5, 263-6. Avila's family members describe his positive character and request his release so that he can help care for his children and elderly relatives. Docs. 263-5, 263-6.

In response, the Government argues that Avila has not established the existence of an extraordinary and compelling reason that would warrant compassionate release, as neither his medical condition nor the COVID-19 pandemic are adequate. Doc. 268 at 11-13. In any event, the Government contends that the sentencing factors listed in 18 U.S.C. § 3553(a) weigh against his release, particularly given the fact that he declined to be vaccinated against COVID-19 on two occasions. *Id.* at 13-14.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step

Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>
>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

3

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

## III. DISCUSSION

As a threshold matter, the Court finds, as the Government concedes, that Avila has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1). Under that provision, a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Avila provided documentation that he submitted requests to the Bureau of Prisons more than 30 days before he filed his motion with this Court. Doc. 263-1. The

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Government concedes, Doc. 268 at 6, and the Court agrees, that Avila has satisfied the exhaustion requirement.

However, Avila has not established an extraordinary and compelling reason that warrants compassionate release.  Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted.  Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show either (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release.  The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).  Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1.  This list of reasons is exhaustive. *Bryant*, 996 F.3d at 1265-66.

Here, Avila is 30 years old and did not become incarcerated until 2020.  Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must instead demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A).  Avila argues that his medical condition, coupled with the COVID-19 pandemic, constitutes such a reason.  He contends that his chronic pancreatitis is an incurable and terminal condition that the Bureau of Prisons cannot

adequately treat. Doc. 263 at 2-3. He further states that the COVID-19 pandemic places him at greater risk. *Id.* at 3.

Under the Sentencing Commission's policy statement, an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

The medical records Avila provided verify that he was diagnosed with pancreatitis and experienced regular "flare-ups" during 2018 and 2019, particularly after consuming alcohol. Doc. 263-2 at, *e.g.*, 22, 31; *see also* Doc. 268-1 at 82 (reporting medical history of pancreatitis). However, the records do not support a finding that the condition "substantially diminishes his ability to care for himself within the prison environment." U.S.S.G. § 1B1.13, cmt. n. 1(A). The discharge summaries from his past medical treatment contain recommendations for outpatient care managed through dietary changes and prescription medications. Doc. 263-4 at 19-20, 22. Moreover, as the Government points out, Avila has not sought treatment for pancreatitis while in the custody of the Bureau of Prisons. *See* Doc. 268-1; Doc. 268 at 11. The Court further notes that he has no physical limitations or work restrictions in the prison setting. *Id.* at 79. Nor is there any evidence to support a finding that Avila's pancreatitis is "serious and advanced, with an end of life trajectory." U.S.S.G. §

6

1B1.13, cmt. n. 1(A); *see United States v. Heromin,* 8:11-cr-550-VMC-SPF, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019) (Covington, J.) (denying motion for compassionate release due to lack of corroboration from medical provider). Avila has not established that his medical condition satisfies the strict requirements of the policy statement's definition of an extraordinary and compelling reason that warrants release.

The COVID-19 pandemic also does not permit Avila's release. The Court first notes that the Government's accusation that Avila "falsely" reported that he contracted COVID-19 in January 2021 is, itself, false. Doc. 268 at 3, 12. The medical records confirm that Avila tested positive for COVID-19 on January 5, 2021, was asymptomatic, and remained in quarantine until he received a negative test result two weeks later. *See* Doc. 268-1 at 56, 75, 76, 98; *see also id.* at 58-71 (documenting period in quarantine). The negative test results that he received in November 2020 and later in 2021 are wholly irrelevant to the veracity of his statements about contracting COVID-19 in January 2021. *See* Doc. 268 at 12 (citing Doc. 263-4 at 2, Doc. 268-1 at 89, 94 in support for its claim that Avila "never contracted COVID-19"). The Government is cautioned to exercise greater care in its statements to this Court in future filings.

However, regardless of Avila's positive COVID-19 history, the Eleventh Circuit has held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements, even if an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the

confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also*, *e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021). [2] Accordingly, Avila cannot meet his burden of establishing an extraordinary and compelling reason through the combination of his medical condition and the COVID-19 pandemic.

Finally, Avila's family circumstances do not constitute an extraordinary and compelling reason that warrants compassionate release. Although Avila does not advance this argument directly, the letters from his family members request his release so that he can assist his elderly relatives and his children's mother. Docs. 263-5, 263-6. While the Court acknowledges the toll that incarceration can take on a family, the Sentencing Commission's policy statement limits the definition of "family circumstances" that constitute an extraordinary and compelling reason to: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children; (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered

---

[2] Although the Court would be bound by the Eleventh Circuit's holdings in any event, it is worth noting that Avila's contentions regarding his perception of the risks the COVID-19 pandemic poses to him in prison are undercut by his decision to decline the vaccine. *See* Doc. 268 at 13-14.

partner." U.S.S.G. § 1B1.13, cmt. n. 1(C).  Avila's family letters do not establish either scenario.  His motion for compassionate release must therefore be denied.[3]

Accordingly, it is **ORDERED**:

1. Defendant Eduardo Avila's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 263) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Because the Court has determined that Avila is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See* Doc. 268 at 13-14.